[602 NYS2d 636]

In the Matter of Frank X. Stella, a Suspended Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, October 12, 1993

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*John W. Palmer,* Mineola, for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with five allegations of professional misconduct, all of which were sustained by the Special Referee. There were originally six charges, but Charge Four was withdrawn by the petitioner prior to the disciplinary hearing. The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to disaffirm the report of the Special Referee.

Charge One alleged that the respondent improperly commingled client escrow funds with his personal funds. The respondent maintained an attorney escrow account at Bayside Federal Savings Bank, entitled "Frank X. Stella, Esq. Special Account", wherein the respondent improperly commingled funds belonging to clients, on deposit in said escrow account, with the respondent's personal funds. In committing these acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]) and DR 9-102 (A) (22 NYCRR 1200.46 [a]) and 22 NYCRR 691.12.

Charge Two alleged that the respondent engaged in an improper conflict of interest. In or about May 1988, the respondent was retained to represent the sellers in a real property transaction. In the same transaction, the respondent also represented the adverse and conflicting interests of his brother as the prospective purchaser of the property. A contract of sale was entered into and a down payment in the amount of $9,000 was entrusted to the respondent to be held in escrow. No closing of title ever took place. In committing these acts, the respondent violated DR 1-102 (A) (1) and (7) (22 NYCRR 1200.3 [a] [1], [7]), DR 5-105 (B) and (C) (22 NYCRR 1200.24 [b], [c]) and DR 7-104 (A) (22 NYCRR 1200.35 [a]).

Charge Three alleged that the respondent neglected a legal matter entrusted to him. In or about October 1988, the respondent was retained by the sellers in a real property transaction. A contract of sale was executed by the sellers and the intended purchaser. The purchaser tendered a $5,000 down payment to be maintained by the respondent in escrow pending the closing. Subsequently, the parties cancelled the contract and executed releases providing that $2,000 of the down payment should be distributed to the sellers and the remaining $3,000 returned to the purchaser. The respondent failed to respond to repeated attempts made by both the sellers and the purchaser to have him distribute the down payment. After the cancellation of the contract of sale, the respondent failed to communicate with the parties in any manner. In committing the acts aforesaid, the respondent violated DR 1-102 (A) (1) and (7) (22 NYCRR 1200.3 [a] [1], [7]), DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]) and DR 7-101 (A) (1) (22 NYCRR 1200.32 [a] [1]).

Charge Five alleged that the respondent improperly retained interest earned on funds deposited in his attorney's escrow account. The respondent improperly retained for his personal benefit, interest earned on funds deposited in his "Special Account" located at Bayside Federal Savings Bank, as follows:

| July 1987 to October 1987 | $1,185.75 |
| October 1987 to January 1988 | $1,069.98 |
| January 1988 to April 1988 | $1,353.74 |
| April 1988 to July 1988 | $1,125.38 |
| July 1988 to October 1988 | $ 706.08 |
| October 1988 to January 1989 | $ 327.68 |
| January 1989 to April 1989 | $ 241.10 |
| April 1989 to July 1989 | $ 277.38 |
| Total: | $6,287.09 |

In committing the aforesaid acts, respondent violated DR 1-102 (A) (1) and (7) (22 NYCRR 1200.3 [a] [1], [7]) and DR 9-102 (22 NYCRR 1200.46).

Charge Six alleged that the respondent failed to cooperate with the Grievance Committee for the Second and Eleventh Judicial Districts, in that he has failed to comply with the lawful demands of the Committee, made in connection with its investigation into pending complaints of professional misconduct. In committing the aforesaid acts, the respondent violated DR 1-102 (A) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

Upon a review of the evidence adduced, we conclude that the Special Referee properly sustained all five charges. The petitioner's motion to confirm is, therefore, granted, and the respondent's cross motion to disaffirm is denied.

In determining an appropriate measure of discipline to impose, we have considered the mitigation advanced by the respondent regarding his medical condition and the respondent's lack of prior discipline. Under the circumstances, it is the decision of this Court that the respondent be suspended from the practice of law for two years. Furthermore, it is the decision of this Court that the respondent's reinstatement be conditioned upon a favorable psychiatric examination by a court-appointed psychiatrist.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Frank X. Stella, is suspended from the practice of law for a period of two years, effective immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (see, 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent's reinstatement is conditioned upon a favorable psychiatric examination by a court-appointed psychiatrist; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Frank X. Stella, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as

an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.